OPINION
Paulette Caldwell is appealing the judgment of the Montgomery County Common Pleas Court, finding her guilty of possession of cocaine.
On June 6, 2000, security officer Eugene Carnes was on duty at Holden House Apartment complex at 211 S. Wilkinson Street. Mr. Carnes watched as a car pulled up and parked at an angle in front of the apartment building across the street. Mr. Carnes observed strange activity around the car. Since this area has a lot of drug activity, Mr. Carnes suspected drugs were being sold and called the police.
Officer Trick arrived and the suspicious car began driving away, turning onto Fifth Street. Mr. Carnes pointed out the car to Officer Trick who then followed it and initiated a traffic stop. The area around the vehicle was illuminated well by the take down lights and spotlight of the police cruiser. Officer Trick asked the driver of the vehicle, Audrey Smedley, for her driver's license. Since Ms. Smedley did not have a driver's license, Officer Trick placed her in the back of his police cruiser while he verified her identity.
While Officer Trick was dealing with Ms. Smedley, Officers Pauley and Sullivan arrived and removed two additional passengers from the vehicle. The only remaining passenger in the vehicle was Ms. Caldwell. While being questioned by Officer Trick, Ms. Smedley made comments which led the officer to believe that Ms. Caldwell had crack cocaine in her possession. Therefore, Officer Trick asked Officer Pauley to watch Ms. Caldwell.
Officer Pauley observed Ms. Caldwell light a cigarette, take one or two puffs, and then put her hand out the window to knock off the ashes. While her hand was outside the window, Officer Pauley saw Ms. Caldwell open her hand and drop several small items to the ground. Additionally, Mr. Carnes, who was farther away, observed Ms. Caldwell stick her right hand outside the car window and open it but did not see anything fall from her hand. Officer Pauley walked to the car and picked up what he believed to be three pieces of crack cocaine from the ground between the tires and curb, immediately below the window that Ms. Caldwell had reached out. Officer Pauley packaged the substance and it was later confirmed to be .46 grams of crack cocaine. Officer Pauley placed Ms. Caldwell under arrest.
On June 13, 2000, Ms. Caldwell was indicted by the grand jury on one count of possession of less than one gram of crack cocaine in violation of R.C. 2925.11(A). A jury trial was held on March 7, 2001 and the jury found Ms. Caldwell guilty as charged. Ms. Caldwell was sentenced to five years of community control sanctions. Ms. Caldwell has filed this appeal from that judgment.
Ms. Caldwell asserts the following as her sole assignment of error:
 THE TRIAL COURT ERRED IN NOT GRANTING APPELLANT'S MOTION FOR MISTRIAL WHEN A STATE'S WITNESS WAS DISMISSED FROM TESTIFYING BY THE COURT AFTER PARTIAL DIRECT TESTIMONY AND WITHOUT CROSS-EXAMINATION.
Ms. Caldwell argues that the trial court committed reversible error by failing to order a mistrial when Ms. Smedley made incriminating statements and was then removed and her testimony stricken before Ms. Caldwell's attorney could cross-examine her. We disagree.
A trial court has discretion to determine whether or not to grant a mistrial. State v. Sage (1987), 31 Ohio St.3d 173. "An appellate court will not disturb the exercise of that discretion absent a showing that the accused has suffered material prejudice." Id. We have stated that "a court's immediate action in * * * instructing the jury to disregard and erase from their minds the * * * [impermissible] testimony * * * has been held sufficient to avoid any prejudice to the accused arising from the court's refusal to order a mistrial because of the testimony." State v. Perry (Nov. 25, 1998), Miami App. No. 97CA61 98CA5, unreported. An abuse of discretion amounts to more than an error of law or judgment but implies an attitude that is unreasonable, arbitrary, or unconscionable. State v. Adams (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169.
At Ms. Caldwell's trial, the State of Ohio called Ms. Smedley, the driver of the car, to testify. In response to a question during direct examination, Ms. Smedley stated that at about 5:00 a.m. on June 6, 2000, she drove downtown to buy crack. Immediately, the defense requested a sidebar and argued that Ms. Smedley should be advised of her Fifth Amendment rights. The trial court judge advised Ms. Smedley that her testimony could subject her to prosecution and he appointed an attorney to advise her of her rights. When Ms. Smedley resumed testifying, she stated that she went downtown to meet Ms. Caldwell but refused to explain why she went downtown. The defense moved for a mistrial which was denied. The trial court judge instead decided to strike Ms. Smedley's entire testimony, ordered her to step down prior to cross-examination, and gave the jurors a curative instruction directing them to disregard Ms. Smedley's entire testimony.
Ms. Caldwell argues that the trial court abused its discretion in denying her motion for a mistrial. Ms. Caldwell argues that because Ms. Smedley testified that she was going downtown to meet Ms. Caldwell and to buy crack cocaine, the jury would have assumed that Ms. Caldwell was selling drugs. Ms. Caldwell argues that the trial court judge's instruction for the jury to disregard the testimony and ordering it stricken was insufficient to remedy the damage done to Ms. Caldwell's case by the statements. Additionally, Ms. Caldwell argues that she was denied a fair trial because she was not given an opportunity to cross-examine Ms. Smedley.
However, at trial Officer Pauley and Mr. Carnes testified regarding their observations of Ms. Caldwell. Officer Pauley testified that he saw Ms. Caldwell stick her right hand out of the window of the car and drop something onto the ground. (Tr. 81, 90). Officer Pauley continued on to testify that he walked up and picked up the objects that Ms. Caldwell dropped and later determined the objects to be crack cocaine. (Id.) Mr. Carnes testified that he saw Ms. Caldwell stick her hand out the window and open it, but was unable to see her drop anything. (Tr. 34).
As a result of this testimony by Officer Pauley and Mr. Carnes, the evidence against Ms. Caldwell was very strong. Based solely on Officer Pauley and Mr. Carnes testimony, the jury could have found that Ms. Caldwell was guilty beyond a reasonable doubt of possession of crack cocaine. Therefore any error by the trial court in failing to order a mistrial would be harmless and Ms. Caldwell was not prejudiced by the trial court's failure to order a mistrial. Moreover, the trial court immediately gave a curative instruction to the jury to disregard Ms. Smedley's testimony when she was removed as a witness. The trial court repeated this instruction again when giving the jury instructions at the close of trial. There is no reason to believe that the jury failed to follow the trial court's instructions to disregard Ms. Smedley's testimony. We find it extremely unlikely that the stricken testimony had any effect on Ms. Caldwell's conviction. As we do not find that Ms. Caldwell suffered material prejudice by the trial court's failure to order a mistrial, any such error was harmless and Ms. Caldwell's assignment of error is without merit and overruled.
The judgment of the trial court is affirmed.
FAIN, J. and GRADY, J., concur in judgment.